IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUDDY RONALD VOTH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2116-G-BD |
| | § | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Federal National Mortgage Association a/k/a Fannie Mae ("FNMA") and BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC") have filed a motion for summary judgment in this civil action brought by Buddy Ronald Voth arising out of foreclosure proceedings initiated against his property. In his most recent pleading,[1] plaintiff generally alleges that BAC never acquired legal title to his property, lacked authority to initiate a foreclosure action and sell the property to FNMA, and failed to give proper written notice of the foreclosure sale. (*See* Plf. Orig. Pet. at 2-5, ¶¶ 4-6, 8, 12). Based on this conduct, plaintiff sues for wrongful foreclosure, negligent misrepresentation, and violations of the Texas Debt Collections Practices Act ("TDCPA"), Tex. Fin. Code Ann. § 392.001, *et seq.*, and the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code Ann. § 17.01, *et seq.* Defendants now move to dismiss all claims and causes of action. Because the motion relies on matters outside the pleadings, the court notified the parties that it would treat the motion to dismiss as one for summary judgment.

---

[1] Plaintiff's operative pleading is his original petition filed in Texas state court. Defendants timely removed the case to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1).

*See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Plaintiff was ordered to file a response to the motion by April 11, 2011, but failed to do so. The court therefore decides the motion without a response.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant who has the burden of proof at trial must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). Where, as here, the nonmovant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant. *See Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Judged against this standard, the court determines that plaintiff cannot prevail on his wrongful foreclosure or negligent misrepresentation claims. The gravamen of both claims is that BAC did not "own" his mortgage loan and, therefore, lacked authority to initiate foreclosure proceedings and sell his property to FNMA. (*See* Plf. Orig. Pet. at 2, ¶ 3-4; *id.* at 3, ¶ 8; *id.* at 4-5,

¶ 12). Under Texas law, a mortgage servicer may administer foreclosure proceedings on behalf of a mortgagee if certain conditions are met. *See* TEX. PROP. CODE ANN. § 51.0025 (Vernon 2007). None of those conditions require the mortgage servicer to be the holder or "owner" of the Note and Deed of Trust, or to produce the original loan documents. *See Broyles v. Chase Home Finance*, No. 3-10-CV-2256-G, 2011 WL 1428904 at *3 (N.D. Tex. Apr. 13, 2011); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010). Even if such a requirement exists, it is easily met here. The uncontroverted summary judgment evidence shows that Mortgage Electronic Registration System ("MERS"), the beneficiary of the Note and Deed of Trust signed by plaintiff, assigned those documents to BAC on or about June 23, 2010. (*See* Def. MSJ App., Exh. 2 at 20-22). The assignment was duly recorded in the Dallas County, Texas real property records on July 16, 2010. (*Id.*, Exh. 2 at 22). Under the terms of the Deed of Trust, the holder of the Note could foreclose on the property and invoke the power of sale if plaintiff defaulted. (*Id.*, Exh. 1 at 4 & 14, ¶ 22). Plaintiff defaulted by failing to make required payments on the Note in April 2010 and May 2010. (*Id.*, Exh. 4 at 27). Thus, BAC, as assignee and holder of the Note and Deed of Trust, had authority to conduct the foreclosure sale on August 3, 2010. *See Richardson v. CitiMortgage, Inc.*, No. 6-10-CV-119, 2010 WL 4818556 at *4, 5 (E.D. Tex. Nov. 22, 2010).

Defendants are also entitled to summary judgment as to those claims based on the failure to give proper notice of the foreclosure sale. Without identifying any particular defect, plaintiff alleges that the notices given by BAC fail to comply with sections 51.002(b) & (d) and 51.0025(2) of the Texas Property Code. (*See* Plf. Orig. Pet. at 2-3, ¶ 5). Section 51.002(d) provides, in pertinent part, that:

> [T]he mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).

TEX. PROP. CODE ANN. § 51.002(d). Under section 51.002(b), notice of the foreclosure sale must be given at least 21 days before the date of the sale by:

> (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
>
> (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
>
> (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

*Id.* § 51.002(b). Section 51.0025(2) provides that, when the foreclosure is administered by a mortgage servicer, such as BAC, the notices required under section 51.002(b) must disclose that:

> [T]he mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and:
>
> > (A) the address of the mortgagee; or
> >
> > (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.

*Id.* § 51.0025(2).

Here, the evidence shows that BAC notified plaintiff in writing on May 17, 2010 that his mortgage loan was in default, and gave him until June 16, 2010 -- more than 20 days -- to cure the default. (*See* Def. MSJ App., Exh. 4 at 27-28). The May 17 letter, which was sent to plaintiff by

certified mail, complied with all the requirements of section 51.002(d). In addition, a July 2, 2010 letter to plaintiff from Barrett Daffin Frappier Turner & Engel, LLP, a law firm representing BAC, satisfied the requirements of sections 51.002(b) and 51.0025(2). (*Id.*, Exh. 5 at 33-37). The letter, which was also sent to plaintiff by certified mail, gave written notice of the August 3, 2010 foreclosure sale, identified BAC as the mortgage servicer, and contained the address of BAC. (*Id.*, Exh. 5 at 34-36). Notice of the foreclosure sale was filed with the Dallas County Clerk, (*see id.*, Exh. 3 at 24), and posted at the Dallas County courthouse. (*See id.*, Exh. 6 at 40, ¶ 7). In the absence of any evidence that defendants failed to comply with the Texas Property Code, defendants are entitled to summary judgment as to these claims.

Finally, defendants are entitled to summary judgment on plaintiff's claims under the TDCPA and the DTPA. Both claims are based on threats and misrepresentations allegedly made by BAC regarding its ownership of the loan documents, its authority to conduct the foreclosure sale, and defects in the foreclosure proceeding. However, as previously discussed, BAC had the legal right to foreclose on plaintiff's property as the holder of the Note and Deed of Trust and in its capacity as the mortgage servicer. Nor is there any evidence to suggest that the foreclosure notices were inadequate or otherwise violated the Texas Property Code. Because BAC had a statutory right to foreclose on plaintiff's property and exercised that right in a procedurally correct manner, there is no violation of the TDCPA or the DTPA. *See Broyles*, 2011 WL 1428904 at *4 (citing cases).

## **RECOMMENDATION**

Defendants' motion for summary judgment [Doc. #6] should be granted. All claims against FNMA and BAC should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE